**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4246**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

MARIO DE JESUS MARTINEZ-INTRERIANO, a/k/a Jose Carranza-Contreras,

     Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge. (5:09-cr-00266-BO-1)

Submitted: December 15, 2010   Decided: January 13, 2011

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven A. Feldman, FELDMAN & FELDMAN, Uniondale, New York, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Sebastian Kielmanovich, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario de Jesus Martinez-Intreriano pleaded guilty to illegally reentering the country after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Martinez-Intreriano to fifty-seven months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Martinez-Intreriano argues that the district court erred in failing to adequately explain the chosen sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. We then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 129 S. Ct. 476 (2008). If the sentence is within the guidelines range, then we apply a presumption of

2

reasonableness.  Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have held that a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range.  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  While "[t]his individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review."  Id. at 330 (internal quotation marks and citation omitted).  In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments."  Id. at 328 (internal quotation marks and citation omitted).

Moreover, "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim."  United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).  In order to preserve a claim, however, a defendant must argue for a

sentence different than that ultimately imposed. See id.; see also United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010) ("[A] defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review.") (citation omitted). Where a defendant has failed to preserve the claim for appellate review, we review for plain error.

Martinez-Intreriano argues that the district court failed to explain the within-guidelines sentence, and failed to respond to his nonfrivolous sentencing arguments. We agree. However, while Martinez-Intreriano argued factors in mitigation at sentencing, he never requested a sentence below the guidelines range or otherwise different than the sentence imposed by the district court. Therefore, we review this issue for plain error.

"To establish plain error, [Martinez-Intreriano] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Martinez-Intreriano satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation

omitted).  We have thoroughly reviewed the record and conclude that Martinez-Intreriano has failed to demonstrate that the court's failure to adequately explain the chosen sentence was plain error.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED